IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JASMINE HILLIARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:21-cv-582 |
| | ) |
| **NHS MANAGEMENT, LLC,** | ) |
| | ) **JURY DEMANDED** |
| Defendant. | ) |
| | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Jasmine Hilliard (hereinafter referred to as "Ms. Hilliard" or "Plaintiff"), by and through her undersigned counsel of record, and files this Complaint against Defendant, NHS Management, LLC d/b/a Prattville Health and Rehabilitation, LLC ("PHR"). As grounds for this Complaint, Plaintiff states as follows:

### INTRODUCTION

1. This is a suit authorized and brought to secure protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of Congress known as the "Civil Rights Act of 1964," codified at 42 U.S.C. § 2000e *et seq.*, as amended by the "Pregnancy Discrimination Act of 1978" (hereinafter "Title VII").

1

## JURISDICTION & VENUE

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

3. The venue of this action is properly placed in the Middle District of Alabama pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims accrued in Autauga County, Alabama.

## ADMINISTRATIVE EXHAUSTION

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") against PHR. Charge No. 420-2021-00008 (hereinafter referred to as the "Charge"), alleging pregnancy discrimination, was filed on or about October 1, 2020. (Attached hereto as "Exhibit A").

5. On June 3, 2021, the EEOC issued a Notice of Suit Rights (hereinafter referred to as "RTS Notice") with respect to the Charge.

6. Plaintiff received the RTS Notice on June 3, 2021. (Attached hereto as "Exhibit B").

7. Plaintiff has now filed her Complaint within ninety (90) days of her receipt of the Notice of Right to Sue, and has, therefore, exhausted all administrative remedies with respect to the Charge before filing her claim with this Court.

## PARTIES

8. Plaintiff is a citizen of the United States of America, over the age of nineteen (19), and is a resident of Chilton County, Alabama.

9. Plaintiff was, at all times relevant, an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e(f).

10. Defendant is a long-term care facility located in Prattville, Alabama.

11. Defendant does business in the state of Alabama and is an "employer" within the meaning of Title VII in that it engages in an industry affecting commerce, and has employed more than the requisite number of persons for the requisite duration of time under Title VII.

12. Defendant was Plaintiff's employer during all times relevant to this cause of action, and has a principal address located in Autauga County, Alabama.

13. The actions that are the basis of this Complaint occurred at Defendant's long-term care facility, located at 601 Jasmine Trail, Prattville, Alabama 36066.

## FACTUAL ALLEGATIONS

14. Plaintiff is a female.

15. In or around August 2018, Defendant hired Plaintiff as a Certified Nursing Assistant ("CNA").

16. As a CNA, Plaintiff was responsible for providing daily nursing care to residents.

17. Plaintiff was qualified to perform the CNA duties throughout her employment with Defendant.

18. In or around October 2019, Plaintiff informed Defendant that she was pregnant with twins.

19. On or about December 9, 2019, Plaintiff provided Defendant with a Physician's note that listed out four (4) temporary work restrictions: (1) no heavy lifting (20 lbs. or more); (2) no standing/sitting over 8 hours without 15-minute breaks; (3) no bending/stooping; and (4) no exercise until further notice.

20. The restrictions were set to last for the duration of her pregnancy, until her due date of May 21, 2020.

21. Plaintiff was deemed a high-risk pregnancy.

22. At that time, Defendant's Staffing Coordinator, Belinda Lewis ("Ms. Lewis"), informed Plaintiff that Defendant could accommodate her by placing her on "light-duty" for a period of thirty (30) days.

23. Ms. Lewis then informed Plaintiff that if she needed accommodations beyond thirty (30) days, Defendant would place her on medical leave pursuant to the Family Medical Leave Act ("FMLA").

24. Plaintiff worked light-duty during the allotted thirty (30) days without issue.

25. During Plaintiff's thirty (30) days of light-duty, Defendant placed her in an administrative role, which she performed satisfactorily.

26. Plaintiff could have also performed the duties of her CNA position with accommodation.

27. However, as Plaintiff had a high-risk pregnancy, her need for accommodation extended beyond the thirty (30) days.

28. Rather than permitting Plaintiff to continue light-duty, Defendant placed Plaintiff on FMLA leave from on or about January 11, 2020, until April 7, 2020.

29. Plaintiff did not request the use of FMLA leave at that time.

30. In fact, Plaintiff objected to the use of FMLA leave in January 2020 because she was not due to deliver her twins until May of 2020.

31. Plaintiff planned to use her available FMLA leave after the birth of her twins.

32. Nevertheless, because Defendant refused to accommodate Plaintiff with light-duty beyond a mere thirty (30) days, Plaintiff was forced to take FMLA leave from January 11, 2020, until April 7, 2020.

33. Plaintiff gave birth to her twins on April 8, 2020, the day she was expected to return to work.

34. Plaintiff's Physician did not clear Plaintiff to return to work at that time, and she remained under her doctor's care.

35. Plaintiff remained home with her twins through April 2020.

36. On or about May 6, 2020, Defendant's Human Resources Generalist Carolyn Lyttle ("Ms. Lyttle") informed Plaintiff via letter that her employment was terminated.

37. Defendant allegedly considered Plaintiff to have resigned from her employment with Defendant because she did not return to work after her FMLA leave exhausted on April 7, 2020.

38. However, Plaintiff never communicated to Defendant that she had any intention of resigning.

39. Rather, Plaintiff was simply abiding by her Physician's instructions for the health and safety of her and her twins.

40. Had Defendant honored Plaintiff's pregnancy related restrictions and request for accommodation leading up to the birth of her twins, Plaintiff would have used her FMLA leave after the birth of her children, as she originally planned.

41. Defendant permitted a similarly situated, non-pregnant employee to work light-duty beyond thirty (30) days.

42. Candice Gibson ("Ms. Gibson"), worked as a CNA with Plaintiff.

43. Plaintiff and Ms. Gibson were subjected to the same employment policies and procedures, including Defendant's light-duty policy.

44. Plaintiff and Ms. Gibson reported to the same supervisor, Quintella Crawford.

45. Plaintiff and Ms. Gibson had similar employment history.

46. Like Plaintiff, Ms. Gibson required light-duty accommodations during her employment with Defendant.

47. Ms. Gibson and Plaintiff were similar in their ability and inability to work.

48. Unlike Plaintiff, Defendant permitted Ms. Gibson to work light-duty well beyond thirty (30) days.

49. Upon information and belief, Ms. Gibson had already been on light duty for some time before Plaintiff, and was still on light-duty at the time of Plaintiff's termination.

50. Defendant did not require Ms. Gibson to use and exhaust her FMLA leave after thirty (30) days of light-duty.

51. Defendant treated a similarly situated, non-pregnant employee more favorably than Plaintiff with respect to her need for light-duty accommodations.

52. Defendant did not fire Ms. Gibson for failure to return to work after taking FMLA leave because it did not force her to take FMLA leave; rather Defendant permitted Ms. Gibson to continue light-duty.

53. Defendant's decision to terminate Plaintiff was motivated by her pregnancy.

## COUNT I- PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

54. The Plaintiff re-alleges and incorporates by reference paragraphs four (4) through seven (7); nine (9); eleven (11) through fifty-three (53) above with the same force and effect as if fully set out in specific detail herein below.

55. During all times relevant to this Complaint, Plaintiff was a member of a protected class.

56. In or around October 2019, Plaintiff informed Defendant she was pregnant with twins.

57. On or about December 9, 2019, Plaintiff's Physician placed her on light-duty restrictions because her pregnancy was deemed "high risk."

58. Defendant honored Plaintiff's restrictions for thirty (30) days by placing her on light-duty.

59. Defendant then required Plaintiff to exhaust her FMLA, despite being able to satisfactorily complete her CNA job duties with accommodation or while on light-duty.

60. As Defendant refused to accommodate Plaintiff beyond the thirty (30) days, Plaintiff was forced to take FMLA leave in January 2020, and was expected to return to work by April 8, 2020.

61. On April 8, 2020, Plaintiff gave birth to her twins, but remained home with them under her Physician's care.

62. On May 6, 2020, Defendant terminated Plaintiff's employment because she did not return to work on April 8, 2020.

63. Plaintiff did not return to work on April 8, 2020, because she was at home under her Physician's orders to heal and care for her babies.

64. Plaintiff planned to use FMLA leave after giving birth, but because Defendant refused to accommodate Plaintiff or provide her with light-duty beyond thirty (30) days, she was forced to exhaust her FMLA prior to the birth of her twins.

65. Plaintiff worked light-duty during those thirty (30) days, without incident, and could have continued to do so.

66. Defendant permitted a similarly situated, non-pregnant employee, Ms. Gibson, to continue light-duty beyond thirty (30) days, without exhausting her available FMLA leave.

67. Ms. Gibson and Plaintiff were similarly situated in their ability and inability to work.

68. Likewise, Ms. Gibson was similarly situated in all material respects to Plaintiff because they held the same position; worked for the same supervisor; had similar employment history; had same need for light-duty accommodations; and were subjected to the same policies and procedures.

69. Defendant treated Ms. Gibson more favorably than Plaintiff with respect to her employment with Defendant because it did not force her to take FMLA leave after thirty (30) days of light-duty, and did not terminate her.

70. Defendant's decision to terminate Plaintiff was motivated by her protected status, pregnant.

WHEREFORE premises considered, Plaintiff demands judgment against the Defendant for compensatory damages, punitive damages, consequential damages, incidental damages, the costs of this action, interest, attorney's fees, and any other, further, and different relief to which she may be entitled.

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

Respectfully submitted,

*CB Crampton*
Joshua Wrady (ASB-9617-J68W)
Courtney Crampton (ASB-3685-J61X)
*Attorneys for Plaintiff*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Joshua@wmalabamalaw.com
Tel:   (205)980-5704
Fax:   (205)994-2819

**DEFENDANT TO BE SERVED BY PROCESS SERVER AT THE FOLLOWING ADDRESS:**

NHS Management, LLC
c/o r/a Edward R. Christian
420 20th Street North, Suite 3100
Birmingham, Alabama 35203